UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                      )
CINDY WHIDDON RUSNAK,                       )   CASE NO. 11-08554-PMG
                                            )   CHAPTER 13
_____Debtor._____)

## FOURTH AMENDED CHAPTER 13 PLAN

The Debtor submits the following Fourth Amended Chapter 13 Plan:

1. The future earnings of the Debtor is submitted to the control and supervision of the Trustee, and the Debtor shall pay to the Trustee the sum of **$690.35** in months one through ten (1-10), and **$587.65** in months eleven through forty-eight (11-48) for a period of forty-eight (48) months.

2. From the payments so received, the Trustee shall make disbursements as follows:

   A. **PRIORITY CLAIMS**

   (1) The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate of ten percent (10%) of the amount of all payments under the Plan.

   (2) **BANKRUPTCY LAW FIRM OF LANSING J. ROY, P.A.** is owed the sum of $2,000.00 for representing the Debtor in this bankruptcy case. The Trustee shall pay this Creditor the sum of $2,000.00 with monthly payments in the amount of **$200.00** in months one through ten (1-10).

   (3) **IRS/INTERNAL REVENUE SERVICE** holds a priority claim of $666.88 for estimated un-filed 2008 federal personal income taxes. The Trustee shall pay this Creditor $666.88 with monthly payments of **$17.55** in months eleven through forty-eight (11-48).

   B. **SECURED CLAIMS**

   (1) **REGIONAL ACCEPTANCE CORPORATION** holds a purchase money security interest in a 2010 Dodge Journey with a secured claim of $21,957.72. The Trustee has previously distributed the sum of $4,213.04 which equals payments of **$421.31** in months one through

ten (1-10). The Debtor proposes to surrender this vehicle in full satisfaction of the claim. This Trustee shall not disburse additional funds to this creditor.

(2) **STERLING JEWLERS, INC.** holds a purchase money security interest in a wedding band with a secured claim of $728.30. The Trustee shall pay this Creditor the sum of $728.30 with monthly payments of **$21.30** in months eleven through forty-eight (11-48) that includes five and one/quarter percent (5.25%) per annum simple interest for a total payment of $788.74.

(3) **CAPITAL ONE, N.A.** holds a purchase money security interest in a 2008 Yamaha motorcycle with a secured value of $4,450.00. The Trustee shall pay this creditor THW SUM OF $4,450.00 payments of **$130.09** in months eleven through forty-eight (11-48), which includes interest at 5.25% for a total of $4,943.42.

C. **UNSECURED CLAIMS**

Any claims filed after the deadline for filing proofs of claim shall receive no distribution under this Plan unless specifically provided for above. Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been voided, who timely file claims shall receive full 100% distribution. The Trustee shall distribute **$359.94** in months eleven through forty-eight (11-48) for a total distribution of $13,677.71

3. **EXECUTORY CONTRACTS**. The Debtor does not reject any executory contracts.

4. **VESTING**. Title to all property of the estate shall revest in the Debtor upon confirmation of this Plan.

5. **RETENTION OF LIEN**. Secured creditors shall retain their liens until the allowed secured claim is paid in full.

6. **LATE FEES OR ATTORNEYS' FEES**. No creditor shall be entitled to any late fees, attorney's fees, other costs or interest other than the interest contained in the payments provided for by the plan during this bankruptcy, including the life of this Plan, except as ordered by this Court, excluding existing student loan claims.

7. **INSURANCE**. Debtor shall keep the collateral that secures any debt paid under this Plan insured as provided for in the agreement between the Debtor and creditor.

8. **ADDITIONAL MOTION OR OBJECTION PERIOD.** Debtor will have thirty days after the claims bar date to file any Motions to Value or Objections to Claims that have been timely filed. Any Order Confirming or Modifying the Plan will not be res judicata as to any Motions or Objections to timely filed claims brought pursuant to this paragraph.

DATED this 18$^h$ day of December 2012

BANKRUPTCY LAW FIRM OF
LANSING J. ROY, P.A.

_____
Christopher R. DeMetros, Esquire
Florida Bar No. 0863467
**Kevin B. Paysinger, Esquire**
Florida Bar No. 0056742
Attorney for Debtor
1710 Shadowood Lane, Ste 210
Jacksonville, FL 32207
(904) 391-0030

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Fourth Amended Chapter 13 Plan was furnished to all creditors and parties in interest by regular mail (as per the matrix attached to the original Notice filed with the Court) on the 18th day of December 2012, including to Douglas W. Neway, Chapter 13 Trustee, by electronic notification.

BANKRUPTCY LAW FIRM OF
LANSING J. ROY, P.A.

_____
Christopher R. DeMetros, Esquire
Florida Bar No. 0863467

3